UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BLAKE SANDLAIN,<br>Petitioner | CIVIL ACTION NO. 1:17-CV-1546-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Blake Sandlain. ("Sandlain") (#12250-088). Sandlain is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. Sandlain challenges his sentence imposed in the United States District Court for the Eastern District of Michigan.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Following a guilty plea, Sandlain was convicted of possession with intent to distribute a controlled substance and being a felon in possession of a firearm. Sandlain v. English, 17-3152, 2017 WL 4479370, at *1 (10th Cir. Oct. 5, 2017). Sandlain was sentenced as a career offender under United States Sentencing Guideline § 4B1.1 because he had at least two prior felony convictions for either a

"crime of violence" or a "controlled substance offense." Id. Sandlain did not file a direct appeal.

Sandlain filed a motion to vacate under 28 U.S.C. § 2255, raising various claims of ineffective assistance of counsel. See id. The district judge denied relief, and the United States Court of Appeals for the Sixth Circuit denied a certificate of appealability. The United States Supreme Court denied certiorari review. See id.

Sandlain obtained permission from the Sixth Circuit to file a second or successive § 2255 motion in light of Johnson v. United States, 135 S.Ct. 2551, 2557 (2015), which held that the residual clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague. However, Sandlain's § 2255 motion was denied because the Supreme Court, in Beckles v. United States, 137 S.Ct. 886, 892 (2017), refused to extend Johnson to the residual clause of the sentencing guidelines. See Sandlain v. English, 17-3152, 2017 WL 4479370, at *1 (10th Cir. Oct. 5, 2017). Because Sandlain had been sentenced under the guidelines, not the ACCA, Johnson was inapplicable. Id.

Sandlain filed a petition under 28 U.S.C. § 2241 in the United States District Court for the District of Kansas, again seeking relief from the career offender guideline enhancement. In the § 2241 petition, Sandlain claimed the sentencing judge erred in applying the modified categorical approach to discover the means, as opposed to the elements, of his prior drug-trafficking conviction under Michigan law. According to Sandlain, the sentence imposed violated Mathis v. United States, 136 S.Ct. 2243 (2016). The § 2241 petition was dismissed for lack of jurisdiction because

the United States Court of Appeals for the Tenth Circuit and district courts in the Sixth Circuit had concluded that Mathis did not apply retroactively to cases on collateral review. See Sandlain v. English, 17-3152, 2017 WL 4479370, at *1 (10th Cir. Oct. 5, 2017). The dismissal was affirmed on appeal. Id.

II. Law and Analysis

Sandlain again seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate rests with the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. A petitioner must demonstrate that: (1) his claims are based on a retroactively applicable Supreme Court decision, which establishes that he may have been convicted of a nonexistent offense; and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion. See Reyes–Requena, 243 F.3d 893, 904 (5th Cir. 2001).

As in his previous § 2241 petition, Sandlain relies on Mathis. However, Sandlain has not shown that Mathis—which was a direct appeal of a sentence—sets

3

forth a new rule of constitutional law that has been made retroactive to cases on collateral review. See In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive application under § 2255(h)(2) because Mathis did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review); United States v. Taylor, No. 16-6223, 2016 WL 7093905 (10th Cir. Dec. 6, 2016) (Mathis did not announce a new substantive rule).

In fact, the Supreme Court explicitly stated in Mathis that it was not announcing a new rule, and that its decision was dictated by decades of prior precedent. See Mathis, 136 S. Ct. at 2257; see also Teague v. Lane, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.").

III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Sandlain's § 2241 petition be **DISMISSED** with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Sandlain's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); Reed v. Young, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished); (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __29th__ day of January, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge

5